IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHAUN STEVEN KIDD,<br>#43108-074,<br><br>          Petitioner,<br><br>v.<br><br>D. SPROUL,<br><br>          Respondent. | Case No. 20-cv-00083-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Petitioner Shaun Steven Kidd, a federal inmate incarcerated at United States Penitentiary Marion, brings this habeas corpus action pursuant to 28 U.S.C. § 2241. He challenges the validity of his conviction in *United States v. Kidd*, 12-cr-00023-CLC-CCS-1 (E.D. Tenn. 2012)("Criminal Case").

Kidd pleaded guilty to one count of conspiracy to commit forgery and one count of forgery of the signature of a United States District Judge. In October 2012, he was sentenced to consecutive terms of sixty months' imprisonment on Count 1 and forty-eight months on Count 2. His sentence was to run consecutively to any previous state or federal sentence he was serving. Criminal Case, Docs. 14 and 36.

This matter is now before the Court for preliminary review. Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b)

gives this Court the authority to apply the rules to other habeas corpus cases.

## PRIOR SECTION 2241 PETITION

Kidd filed a very similar petition under Section 2241 in this district in September 2019. *Kidd v. True*, 19-cv-1008-NJR (S.D. Ill.). This Court dismissed the 2019 petition with prejudice because none of his claims relied on a new rule of statutory construction. Case No. 19-cv-1008-NJR, Doc. 5. In that order, this Court described Kidd's underlying conviction and his numerous postconviction filings in the Eastern District of Tennessee. The Court will not repeat that history here. It suffices to say that, in January 2019, because Kidd filed of a large number of "frivolous and vexatious pleadings," the Eastern District of Tennessee ordered that it would no longer "accept for filing any frivolous motions, notices, affidavits, documents, or papers of any kind tendered or presented" by Kidd. Criminal Case, Doc. 183, p. 3.

## DISCUSSION

In the current petition before the Court, Kidd attempts to state four grounds for habeas relief: (1) Grand Jury misconduct resulting from prosecutorial misconduct; (2) double jeopardy violation because he was sentenced to two consecutive sentences for the same crime, i.e., conspiracy to commit forgery and forgery; (3) void indictment because of prosecutorial misconduct; and (4) actual innocence based on the lack of a criminal complaint and a Rule 6 Grand Jury concurrence form. Grounds 1 and 3 are essentially the same as Grounds 2 and 3 of the 2019 Petition. Ground 2 is essentially the same as Ground 4 of the 2019 Petition.

The Petition must be dismissed for the same reason that the 2019 Petition was dismissed. Kidd cannot present these claims in a Section 2241 petition because they do

not rely on a new rule of statutory construction that was previously unavailable to him. As this Court explained in detail in the order dismissing the 2019 Petition, a federal prisoner can only avail himself of the savings clause of 28 U.S.C. § 2255(e) if he meets the *Davenport* requirements, and the first of those requirements is reliance on a new rule of statutory construction. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). In addition, the 2019 Petition was dismissed *with* prejudice, meaning that the claims in the 2019 Petition cannot be refiled.

Kidd also makes vague references to newly discovered evidence and actual innocence. New discovered evidence might be grounds for filing a successive Section 2255 motion, but it does not permit the filing of a Section 2241 petition. *See* 28 U.S.C. § 2255(h)(1). And actual innocence has not been held to constitute an independent basis for habeas relief. *Tabb v. Christianson*, 855 F.3d 757, 764 (7th Cir. 2017).

## DISPOSITION

**IT IS HEREBY ORDERED** that the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED with prejudice**.

If Kidd wishes to appeal this dismissal, he may file a notice of appeal with this Court within sixty (60) days of the entry of judgment. FED. R. APP. P. 4(a)(1)(B). A motion for leave to appeal in forma pauperis should set forth the issues Kidd plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If he does choose to appeal and is allowed to proceed IFP, Kidd will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2). A proper and timely motion filed pursuant to

Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. It is not necessary for Kidd to obtain a certificate of appealability. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:** April 2, 2020

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**